IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM TERRELL TUCKER,

      Plaintiff,                               No. CIV S-08-2991 LKK EFB P

      vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants.                 ORDER

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  The proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  On May 26, 2010, defendant Nangalama filed an answer to plaintiff's amended complaint.  Dckt. No. 21.  Thereafter, the court issued a discovery and scheduling order, which required that any motion to amend the complaint be filed by September 17, 2010.  Dckt. No. 22.  On September 13, 2010, plaintiff filed a second amended complaint.  Defendant did not file any response to plaintiff's second amended complaint.

        Plaintiff is hereby informed that he must have leave of court to amend his complaint.  Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion

under Rule 12(b), (e), or (f), whichever is earlier." Here, plaintiff already amended his complaint once as a matter of course. *See* Dckt. No. 12.

Nonetheless, Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Plaintiff did not expressly seek leave to amend, but by filing an amended complaint he has made clear that he seeks to proceed on the amended complaint. Accordingly, his second amended complaint is construed as a timely request for leave to file the second amended complaint. There is no indication that plaintiff, who is appearing pro se, unduly delayed in requesting leave to amend or that his filing was made in bad faith. Further, the amendments made by plaintiff, which will be screened by the court pursuant to 28 U.S.C. § 1915A, are not futile, as they omit unnecessary references to defendants who have already been dismissed from this action. Moreover, defendant did not file any response to plaintiff's second amended complaint, and at this relatively early stage in the proceedings, there is no apparent prejudice to defendant. Accordingly, plaintiff's motion to amend his complaint will be granted.

The court finds that, for the limited purposes of § 1915A screening, the second amended complaint states a potentially cognizable Eighth Amendment claim against defendant Nangalama for deliberate indifference to plaintiff's serious medical needs.

////

1     Accordingly, IT IS HEREBY ORDERED that:

2     1.  Plaintiff's second amended complaint (Dckt. No. 26) is construed as a request for leave to file the second amended complaint, and is granted.

      2.  Defendant Nangalama shall file an answer to plaintiff's second amended complaint, or a responsive motion, within fourteen days from the date this order is filed.

DATED: January 19, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE